JUDGE DANIELS

15 CV 03774

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

RECEIVED MAY 15 2015 U.S.D.C. S.D.N.Y. CASHIERS

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

LUIS PINEDA, EDDY F. JAQUEZ,
ROBINSON ORTEGA DIAZ,
ANGEL GUAYLLASAC,
and ISAEL ARIZMENDI
on behalf of themselves and
FLSA Collective Plaintiffs,

        Plaintiffs,

        v.

FRISOLINO, INC.,
MARIO MIGLIORINI
PETER MIGLIORINI
and MARIA MIGLIORINI CITRON,

        Defendants.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

---

        Plaintiffs, LUIS PINEDA, EDDY F. JAQUEZ, ROBINSON ORTEGA DIAZ, ANGEL GUAYLLASAC, and ISAEL ARIZMENDI, (hereinafter, "Plaintiffs"), on behalf of themselves and FLSA Collective Plaintiffs, by and through their undersigned attorney, hereby file this Complaint against Defendants, FRISOLINO, INC., MARIO MIGLIORINI, PETER MIGLIORINI and MARIA MIGLIORINI CITRON, (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

1

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to New York Labor Law, they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (4) unpaid "spread of hours" premium, (5) liquidated damages and statutory penalties, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiffs and FLSA Collective Plaintiffs pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, LUIS PINEDA, is a resident of Queens County, New York.

6. Plaintiff, EDDY F. JAQUEZ, is a resident of Bronx County, New York.

7. Plaintiff ROBINSON ORTEGA DIAZ, is a resident of Bronx County, New York.

8. Plaintiff ANGEL GUAYLLASAC, is a resident of Queens County, New York.

9. Plaintiff ISAEL ARIZMENDI, is a resident of Queens County, New York.

10. Upon information and belief, Defendant, FRISOLINO, INC., is a domestic business corporation organized under the laws of New York, with a principal place of business located at 621 Hudson St, New York, New York, 10014.

11. Upon information and belief, Defendantd MARIO MIGLIORINI, PETER MIGLIORINI, and MARIA MIGLIORINI CITRON are the owners and operators of Defendant FRISOLINO, INC. Defendants exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, they exercised their power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. Plaintiffs' employment was terminated by Defendants.

12. Defendants operate a restaurant under the trade name "Piccolo" located at 621 Hudson Street, New York, New York 10014.

13. At all relevant times, the work performed by Plaintiffs and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

14. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

15. Plaintiffs bring claims for relief as a collective action pursuant to FLSA § 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them minimum wage and the overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. A subclass of tipped employees have a

3

claim of improper tip pooling scheme in which Defendants mandated that tipped employees share tips with Defendants who are the owners and therefore non-tipped employees. Furthermore, Defendants would collect the tips, keep no record of the tips collected, and would not allow Plaintiffs to know how the tips were divided. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

18. In or about 2000, Plaintiff LUIS PINEDA, was hired by Defendants and/or their predecessors, as applicable, to work as a busboy for Defendants' restaurant "Piccolo", located at 621 Hudson Street, New York, New York 10014. Plaintiff PINEDA worked for Defendants until on or about February 8, 2015.

19. During the employment of Plaintiff PINEDA by Defendants, he worked over forty (40) hours per week.

20. Specifically, Plaintiff PINEDA worked 6 days a week for 8.5 hours per day. Plaintiff PINEDA received no base wage and was given only tips as compensation. Defendants willfully violated Plaintiff PINEDA's rights by not paying him a base minimum wage in violation of the FLSA and New York Labor Law.

21. On or about May 2011 Plaintiff, EDDIE JAQUEZ, was hired by Defendants and/or their predecessors, as applicable, to work as a cook for Defendants' restaurant "Piccolo", located at 621 Hudson Street, New York, New York 10014. Plaintiff JAQUEZ worked for Defendants until on or about February 8, 2015.

22. During the employment of Plaintiff JAQUEZ by Defendants, he worked over forty (40) hours per week.

23. Specifically, Plaintiff JAQUEZ worked 6 days a week for 9 to 10 hours per day. Plaintiff JAQUEZ improperly received his compensation on a fixed salary basis, at a rate of $425 per week. Defendants willfully violated Plaintiff JAQUEZ's rights by paying him on a salary basis, in violation of the New York Labor Law because Plaintiff JAQUEZ is a non-exempt employee who must be paid on an hourly basis.

24. On or about September 2014 Plaintiff, ROBINSON ORTEGA DIAZ, was hired by Defendants and/or their predecessors, as applicable, to work as a dishwasher for Defendants' restaurant "Piccolo", located at 621 Hudson Street, New York, New York 10014. Plaintiff DIAZ worked for Defendants until on or about February 8, 2015.

25. During the employment of Plaintiff DIAZ by Defendants, he worked over forty (40) hours per week and over ten (10) hours per day.

26. Specifically, Plaintiff DIAZ worked 6 days a week for 10.5 hours per day. Plaintiff Diaz improperly received his compensation on a fixed salary basis, at a rate of $400 per week. Defendants willfully violated Plaintiff Diaz's rights by paying him on a salary basis, in violation of the New York Labor Law because Plaintiff DIAZ is a non-exempt employee who must be paid on an hourly basis.

27. On or about March 1993 Plaintiff, ANGEL GUAYLLASAC, was hired by Defendants and/or their predecessors, as applicable, to work as a cook for Defendants' restaurant "Piccolo", located at 621 Hudson Street, New York, New York 10014. Plaintiff GUAYLLASAC worked for Defendants until on or about February 8, 2015.

28. During the employment of Plaintiff GUAYLLASAC by Defendants, he worked over forty (40) hours per week and over ten (10) hours per day.

29. During the relevant statutory period, Plaintiff GUAYLLASAC worked 6 days a week for 12.5 hours per day. Plaintiff GUAYLLASAC improperly received his compensation on a fixed salary basis, at a rate of $ 425 per week. Defendants willfully violated Plaintiff GUAYLLASAC's rights by paying him on a salary basis, in violation of the New York Labor Law because Plaintiff GUAYLLASAC is a non-exempt employee who must be paid on an hourly basis.

30. On or about June 2012 Plaintiff, ISAEL ARIZMENDI, was hired by Defendants and/or their predecessors, as applicable, to work as the salad prep and kitchen cleaner for Defendants' restaurant "Piccolo", located at 621 Hudson Street, New York, New York 10014. Plaintiff ARIZMENDI worked for Defendants until on or about February 8, 2015.

31. During the employment of Plaintiff ARIZMENDI, by Defendants, he worked over forty (40) hours per week.

32. Specifically, Plaintiff ARIZMENDI, worked 6 days a week for 9 hours per day. Plaintiff ARIZMENDI improperly received his compensation on a salary basis, at a rate of $400 per week. Defendants willfully violated Plaintiff ARIZMENDI's rights by paying him on a salary basis, in violation of the New York Labor Law because Plaintiff ARIZMENDI is a non-exempt employee who must be paid on an hourly basis.

33. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and FLSA Collective Plaintiffs the FLSA overtime rate of time and one-half or the New York State overtime rate of time and one-half.

34. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs and FLSA Collective Plaintiffs.

35. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other non-exempt employees.

36. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law. In fact, certain employees were paid in cash and did not receive any wage statements during their period of employment with Defendants.

37. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

38. To the extent that Defendants took a tip credit with respect to Plaintiff LUIS PINEDA and all other tipped employees of the Defendants, the tip credit is invalid given Defendants' failure to: (i) provide proper notice to employees of their tipped credit minimum wage rate and the proper overtime rate thereon, (ii) maintain records of tips earned by employees, (iii) maintain a proper tip pool because owners participated in the tip pool, (iv) provide proper wage statements to employees showing deductions for tip credit allowance, as required under New York State law, and (v) Defendants also caused tipped employees to spend

more than 2 hours or 20% of their shift on non-tipped activities.

39. Plaintiffs retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiffs reallege and reaver Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

42. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

43. Upon information and belief, at all relevant times, Defendant FRISOLINO, INC. had gross revenues in excess of $500,000.

44. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

45. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

8

46. Plaintiffs and FLSA Collective Plaintiffs worked hours for which they were not paid by Defendants the statutory minimum wage.

47. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked.

48. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiffs and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

49. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

50. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

51. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

52. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages, plus an equal amount as liquidated damages.

53. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

Plaintiffs reallege and reaver Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

54. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

55. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

56. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

57. Defendants willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each workday that exceeded ten (10) or more hours.

58. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

59. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

60. Defendants willfully violated Plaintiffs' rights by paying them on a salary basis, in violation of the New York Labor Law because Plaintiffs are non-exempt employees who must be paid on an hourly basis.

61. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid pay "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages, and "spread of hours" premium pursuant to the New York Labor Law;

h. An award of statutory penalties, and prejudgment and post judgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: May 15, 2015                    Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

By: _____
C.K. Lee, Esq. (CL 4086)