UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

LUIS PINEDA, EDDY F. JAQUEZ, ROBINSON
ORTEGA DIAZ, ANGEL GUAYLLASAC, and
ISAEL ARIZMENDI on behalf of themselves and
FLSA Collective Plaintiffs,

                           Plaintiffs,

      -against-

FRISOLINO, INC., MARIO MIGLIORINI, PETER
MIGLIORINI, and MARIA MIGLIORINI CITRON,

                           Defendants.

------------------------------------x

MEMORANDUM DECISION
AND ORDER

15 Civ. 3774 (GBD) (BCM)



GEORGE B. DANIELS, United States District Judge:

Plaintiffs Luis Pineda, Eddy Jaquez, Robinson Ortega Diaz, Angel Guayllasac, and Isael Arizmendi (collectively, "Plaintiffs") move for an award of attorneys' fees and costs following a favorable verdict at the conclusion of a bench trial. (Mot. for Att'ys' Fees, ECF No. 88.) Plaintiffs are all former employees of Piccolo, a restaurant owned and operated by Defendants Frisoling, Inc. and Peter Migliorini, the restaurant's Vice President (collectively, "Defendants").

On May 15, 2015, Plaintiffs filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"). (Compl., ECF No. 1, ¶¶ 1, 2.) At trial, this Court held, *inter alia*, that Defendants were liable to Plaintiffs for unpaid minimum wages and overtime, liquidated damages under the NYLL, statutory penalties for violations of the NYLL's wage statement and wage notice provisions, and pre- and post-judgment interest, and were additionally liable for spread of hours payments to Plaintiff Guayllasac. (Mem. Decision and Order, Aug. 29, 2017, ECF No. 84, at 14–29.)

After awarding Plaintiffs $589,067.38 in damages, this Court referred the determination of reasonable attorneys' fees and costs to Magistrate Judge Barbara Moses for a Report and Recommendation (the "Report"). (Clerk's J., ECF No. 86, at 2; Am. Order of Reference, ECF No. 85.) On October 11, 2017, Plaintiffs filed their instant motion seeking $37,987.50 in attorneys' fees and $4,366.66 in costs, for a combined total of $42,354.16. (Pls.' Mem. of Law in Supp. ("Pls.' Mem."), ECF No. 90, at 8; *see also* Decl. of Joshua Androphy in Support of Mot. for Att'ys' Fees ("Androphy Decl."), ECF No. 89, at 3.)

Before this Court is Magistrate Judge Moses's January 15, 2018 Report (Report, ECF No. 95), recommending that this Court grant Plaintiffs' motion and award Plaintiffs $34,630.00 in attorneys' fees and $4,366.66 in costs, for a total of $38,996.66.[1] (*Id.* at 9.) Magistrate Judge Moses advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 10.) No objection to the Report has been filed. For the reasons set forth below, this Court ADOPTS Judge Moses's recommendation in full.

## I. LEGAL STANDARDS

This Court may accept, reject, or modify, in whole or in part, the findings set forth in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a report and recommendation, the court may adopt it if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 2005)). Where there are objections, however, the court must make a *de novo* determination as to those portions of the report to which objections are made. *See* 28 U.S.C. § 636(b)(1)(C); *Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The

---

[1] The relevant procedural and factual background is set forth in detail in the Report, and it is incorporated herein.

district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections were made. *Nelson*, 618 F. Supp. at 1189–90 (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)).

Plaintiffs who prevail on their FLSA and NYLL claims are entitled to recover their reasonable attorneys' fees. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663(1). "In calculating attorney's fees, the district court must first determine the 'lodestar, [which is] the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014) (quoting *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

## II. PLAINTIFFS ARE AWARDED ATTORNEYS' FEES

Plaintiffs are entitled to $34,630.00 in attorneys' fees. In determining a reasonable hourly rate, courts apply a "case-specific" analysis assessing the "prevailing market rates for counsel of similar experience and skill." *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012) (quoting *Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 209 (2d Cir. 2005)) (quotation marks omitted). Plaintiffs seek fees for the work of four attorneys from Michael Faillace & Associates, P.C.: (1) partner Michael Faillace, at the rate of $450 per hour; (2) senior attorney Joshua Androphy, at the rate of $400 per hour; (3) associate Gerald Ellis, at the rate of $350 per hour; and (4) associate Raquel Gutierrez, at the rate of $375 per hour. (Androphy Decl. ¶¶ 4–7.) Here, the Report properly considered the prevailing rates for lawyers of equivalent experience in this district as well as the skills and experience of these attorneys. (*See* Report at 4–7.) In doing so, the Report

properly determined that Plaintiffs should be awarded fees at: (1) $400 per hour for partner Michael Faillace; (2) $400 per hour for senior attorney Joshua Androphy; (3) $300 per hour for associate Gerald Ellis; and (4) $300 per hour for associate Raquel Gutierrez. (*Id.* at 7.)

To determine whether the hours spent were reasonable, courts consider the amount of time spent on each task and the nature of each task as reflected in the contemporaneous time records of each attorney for whom fees are sought. *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010); *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Courts should "exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)).

Plaintiffs' attorneys request compensation for 105.25 hours of billed time, which consisted of litigation through "discovery, partial summary judgment motion practice[,] and trial." (Pls.' Mem. at 7; *see* Pls.' Reply Mem. of Law, ECF No. 94, at 2; *see also* Androphy Decl., Ex. C, ECF No. 89-3.) The Report correctly determined that the hours Plaintiffs' attorneys worked were reasonably necessary to the success of their action. (Report at 8.) Furthermore, the Report properly noted that these hours were not excessive, redundant, or unnecessary. *See Quaratino*, 166 F.3d at 425. Ultimately, the Report correctly concluded that the lodestar, consisting of the adjusted rates multiplied by the reasonable hours expended, totaled $34,630.00 in fees. (*See* Report at 9.)

### III. PLAINTIFFS ARE AWARDED COSTS

The Report also properly determined that Plaintiffs should be awarded $4,366.66 in costs. (Report at 9; *see* Pls.' Mem. at 8; *see also* Androphy Decl. at 3.) As the prevailing party, Plaintiffs are entitled to recover "reasonable out-of-pocket expenses incurred by attorneys and ordinarily

- 4 -

charged to their clients" if those costs are appropriately documented. *Hernandez v. JRPAC Inc.*, No. 14 Civ. 4176 (PAE), 2017 WL 66325, at *2 (S.D.N.Y. Jan. 6, 2017) (citations omitted). Plaintiffs seek reimbursement for the expenses of: (1) hiring a Spanish-language interpreter for trial, which cost $3,062.50, and (2) transcribing the trial transcripts, which cost $1,304.16. (Androphy Decl., Exs. B, C.) Plaintiffs adequately documented theses costs by maintaining and submitting invoices for both expenses. (*Id.*) The Report properly concluded that these costs are reasonable because "[c]ourts in this District have frequently found similar expenses to be reimbursable." *See, e.g., Apolinario v. Luis Angie Deli Grocery Inc.*, No. 14 Civ. 2328 (GHW), 2015 WL 4522984, at *4 (S.D.N.Y. July 27, 2015) (explaining that reimbursement requests for transcript fees and Spanish interpreters are reasonable and that courts frequently grant such requests); *see also Mendoza v. CGY & J Corp.*, No. 15 Civ. 9181 (RA), 2017 WL 4685100, at *3 (S.D.N.Y. Oct. 17, 2017).

## IV. CONCLUSION

Magistrate Judge Moses's Report and Recommendation is ADOPTED in full. Plaintiffs' motion for attorneys' fees and costs is GRANTED. Plaintiffs are awarded $34,630.00 in attorneys' fees and $4,366.66 in costs, which equals $38,996.66 in total.

The Clerk of Court is directed to close the motion at ECF No. 88 and this case.

Dated: New York, New York
       July 30 2018

`JUL 3 0 2018`

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge